IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEYANIRIS MENDEZ-MINAYA,
aka "Glenda L. Santana-Pantoja",

Defendant.

CRIMINAL NO.  11-422 (DRD)

## REPORT AND RECOMMENDATION

Defendant Deyaniris Méndez-Minaya was charged in Count One of an Indictment and she agreed to plead guilty to Count One of the Indictment.  Count One charges that, on or about October 17, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, defendant herein, knowingly and unlawfully uttered, possessed, and/or used documents prescribed by statute or regulations as evidence of authorized stay in the United States, to wit: Puerto Rico driver's license number XXX167, a Puerto Rico birth certificate number DXXXX068, and Social Security card number XXX-XX-5679, issued under the name of a different person, to wit: Glenda L. Santana-Pantoja, which defendant knew to be forged or unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a).

On January 19, 2012, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge

United States of America v. Deyaniris Méndez-Minaya
Criminal No. 11-422 (DRD)
Report and Recommendation
Page 2

of this court.[1]  Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, José G. González-Hernández, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  she was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt.  Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her  and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf.  She was also waiving the

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Deyaniris Méndez-Minaya
Criminal No. 11-422 (DRD)
Report and Recommendation
Page 3

right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify.  Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney González-Hernández, indicated she freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty.  The penalty for the offense charged in Count One is term of imprisonment of not more than ten (10) years, and a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of no more than three (3) years.

Pursuant to paragraph number three, defendant shall pay a special assessment of one hundred dollars ($100.00) per count of conviction, pursuant to Title 18, United States Code, Section 3013(a).

United States of America v. Deyaniris Méndez-Minaya
Criminal No. 11-422 (DRD)
Report and Recommendation
Page 4

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages two and three, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Regarding Count One of the Indictment, the Base Offense Level is of Eight (8) pursuant to USSG § 2L2.2. Pursuant to U.S.S.G. § 3E1.1(a)&(b), a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Six (6), yielding an imprisonment range of zero (0) to six (6) months if the Criminal History Category is I.

---

[2]Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Deyaniris Méndez-Minaya
Criminal No. 11-422 (DRD)
Report and Recommendation
Page 5

The parties agree to recommend a sentence at the lower end of the applicable guideline range.

The United States and defendant agree that no further adjustments or departures to defendant's base offense level shall be sought by the parties.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

Pursuant to paragraph eleven (11), defendant is an alien.  Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon defendant's immigration status with the United States.  Defendant acknowledged discussing this matter with her counsel.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.   Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two.  Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the District of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

United States of America v. Deyaniris Méndez-Minaya
Criminal No. 11-422 (DRD)
Report and Recommendation
Page 6

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.[3]

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph seventeen (17) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

---

[3] Defense counsel orally requested the Pre-Sentence Investigation Report be accelerated. Defense counsel was advised said request should be done in writing to the presiding District Judge.

United States of America v. Deyaniris Méndez-Minaya
Criminal No. 11-422 (DRD)
Report and Recommendation
Page 7

Defendant waived the reading of the Indictment in open court because she is aware of its content.  Defendant was shown a written document entitled "Government's Version of the Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.  Defendant was provided an opportunity to see and examine same, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings.  Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the  Indictment in Criminal No. 11-422 (DRD).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the  Indictment in Criminal No. 11-422 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Francisco A. Besosa, District Court Judge.

San Juan, Puerto Rico, this 20th day of January of 2012.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE